```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

ROSE M. FORD,                      §
                                   §
               Plaintiff,          §
                                   § Civil Action No. 3:07-CV-1039-D
VS.                                §
                                   §
JOHN E. POTTER,                    §
Postmaster General,                §
United States Postal Service,      §
                                   §
               Defendant.          §

MEMORANDUM OPINION
AND ORDER

Plaintiff Rose M. Ford ("Ford") sues defendant John E. Potter ("Potter"), Postmaster General of the United States, asserting claims for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* arising from a decision not to promote her to a career attorney position.[1] Potter moves for summary judgment. For the reasons that follow, the court denies the motion.

I

In January 2002 Ford applied for a Not-To-Exceed ("NTE") attorney position with the United States Postal Service's ("USPS's") Southwest Law Office in Dallas ("Dallas Law Office").

---

[1]In her complaint, Ford also alleges a claim of race and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Because Ford has since abandoned these claims, *see* P. Resp. 10 ("we will not be seeking a claim of gender and race discrimination"), the court need not consider them.

At the time, she was 39 years old.[2]  Ford submitted information regarding her age on an application form to USPS.  After interviewing with a committee of attorneys from the Dallas Law Office, she was granted a second interview with Doris Godinez-Phillips ("Godinez-Phillips"), the Managing Counsel for the Dallas Law Office.  In May 2002 Ford received and accepted an offer of employment for the NTE attorney position in the Dallas Law Office.  She began working as an NTE attorney on May 13, 2002.

One year later, Ford applied for a career position with the Dallas Law Office.  Unlike an NTE attorney, a career attorney is a permanent position with employment benefits.  For an NTE attorney, obtaining a career position is tantamount to a promotion.  Ford was not selected.  Lisa Paquette, who had just turned 30, was chosen for the position.  Following the decision, Godinez-Phillips gave Ford feedback on why she had not been selected, including that Ford focused too much on litigation and needed to socialize more with her coworkers.

In July 2003 Ford applied again for a career attorney position at the Dallas Law Office.  Chizoma Ihekere ("Ihekere"), a 30-year old who had joined the Dallas Law Office as an NTE attorney just a few months before in May 2003, also applied for the position.

---

[2]The court recounts the evidence in a light favorable to Ford as the summary judgment nonmovant and draws all reasonable inferences in her favor. *E.g.*, *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n. 2 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)).

Prior to her employment as an NTE attorney, Ihekere had been with the Dallas County District Attorney's Office for approximately 2½ years. The other candidates were NTE Attorneys Lars Isaacson ("Isaacson"), Jeffrey Weeks ("Weeks"), Paul Wolf ("Wolf"), A.Y. Collins ("Collins"), and Raquel Perry ("Perry"). A Review Committee reviewed the applicants and recommended that Godinez-Phillips conduct second interviews of Ford, Isaacson, Wolf, and Weeks. Collins and Perry were not recommended, and it is disputed whether Ihekere was recommended. During Ford's second interview, although Deputy Managing Counsel Steve Coney ("Coney") and Sandra McFeeley ("McFeeley") were also present, only Godinez-Phillips asked questions. Godinez-Phillips, as the selecting official, made the final determination of who would be promoted to the career position.[3]

In September 2003, before an official announcement of the selectees for the career position, but allegedly after Ford learned that Ihekere, Weeks, and Wolf were the selectees,[4] Ford informed Godinez-Phillips, Coney, and McFeeley via email that she was resigning from the Dallas Law Office based on personal family reasons.

---

[3]Technically, Godinez-Phillips would make a recommendation that had to be approved by headquarters. In practice, however, the person recommended by the Managing Counsel was the one selected for the position.

[4]Potter contends that Ford resigned before all the career attorney slots were filled.

Ford later filed suit, alleging that she was not hired for a permanent position because of her age. Potter moves for summary judgment, contending that Ford has not shown direct evidence of discrimination, she has failed to present sufficient evidence to support a prima facie case of discrimination, and, assuming that Ford has made a prima facie showing, Potter has articulated a legitimate, nondiscriminatory basis for not selecting Ford, and Ford has failed to present evidence of pretext.[5]

II

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Ford may prove her case by direct or circumstantial evidence, or both. *See Sandstad v. CB Richard Ellis, Inc.,* 309 F.3d 893, 896 (5th Cir. 2002). If Ford produces direct evidence of age discrimination, the burden of persuasion shifts to Potter, who must prove that he would have taken the same action regardless of discriminatory animus. *See id.*

---

[5]Ford's so-called "Appendix I" and "Appendix II" are defective in that they contain materials that exceed what N.D. Tex. Civ. R. 56.6(a) permits. *See* Rule 56.6(a) ("A party who relies on affidavits, depositions, answers to interrogatories, or admissions on file to support or oppose a motion for summary judgment must include such evidence in an appendix."). Because these defects have neither affected the decisional process of the court nor altered the outcome of this decision, they do not require re-briefing.

(citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252-53 (1989)).[6] "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Id.* at 897.

Ford has adduced evidence that when she asked Godinez-Phillips why she had passed over Ford and promoted Ihekere, Godinez-Phillips responded that it was not because Ihekere's performance record with USPS merited the selection, but because Ihekere was "youthful" and "vibrant." To qualify as direct evidence, these remarks must be (1) age related, (2) proximate in time to the decision not to select Ford, (3) made by an individual with authority over the employment decision, and (4) related to the employment decision. *See Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003). According to Ford's evidence, Godinez-Phillips' comment was made by the decisionmaker, it was proximate in time to the decision not to select Ford, and it was made when explaining the employment decision. The question is whether the comment was age related.

The term "vibrant" is not necessarily an age-related remark because vibrancy is a characteristic that can describe people of all ages. *See Blackwell v. Cole Taylor Bank,* 152 F.3d 666, 671

---

[6]If Ford lacks direct evidence of discrimination, she can prove discrimination using the "modified *McDonnell Douglas* approach." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). Because the court holds that Ford has adduced direct evidence of discrimination, it need not analyze the case under this alternative.

(7th Cir. 1998) (rejecting plaintiff's argument that "energetic" and "flexible" were code words for persons under 40 years old). "Youthful," on the other hand, is clearly age related, without inference or presumption. One meaning of the term ("possessing youth; still young") necessarily refers to age, and another ("characteristic of youth; fresh") refers to characteristics of young age. *See Webster's II New Riverside University Dictionary* at 1337 (1984).

Potter cites two cases to argue that Godinez-Phillips' use of the phrase "youthful" does not constitute direct evidence of discrimination. Both cases, however, are distinguishable. In *Blackwell v. Cole Taylor Bank*, 152 F.3d 666 (7th Cir. 1998), the Seventh Circuit noted that, at least in a case where there is no evidence of age discrimination,[7] descriptive phrases like "flexible" and "energetic" may actually cut against a finding of discrimination because they reflect an individualized evaluative approach rather than age stereotypes. *See id.* at 671-72. Although this reasoning may support the conclusion that Godinez-Phillips' use of the term "vibrant" is not direct evidence of discrimination, it does not undercut the court's conclusion that the term

---

[7]In *Blackwell* the defendant "bank created a new job and offered it to the incumbents of the old jobs *whatever their age*, all of whom, again whatever their age, turned it down . . . . Since the job was the plaintiffs' for the asking, they can hardly complain that they were discriminated against when the job went to other, mostly younger people—it was a job the plaintiffs didn't want." *Blackwell*, 152 F.3d at 672.

"youthful" is age related and therefore direct evidence of discrimination.

In *EEOC v. Clay Printing Co.*, 955 F.2d 936 (4th Cir. 1992), each claimant testified that he had not heard any statement to indicate that his discharge was based on age. The Fourth Circuit held that the alleged discriminatory statements referring to "young blood" and attracting "newer, younger people" did not constitute direct evidence because there was "no nexus . . . between the alleged discriminatory statements and *any* of the employment decisions made by [the defendant]." *Id.* at 942. Ford has adduced evidence, however, that the decisionmaker, Godinez-Phillips, explicitly told her that she had passed Ford over and selected Ihekere because Ihekere was youthful. Therefore, there is a clear nexus between Godinez-Phillips' use of the term "youthful" and her employment decision to promote Ihekere.

Ford's evidence is likewise distinguishable from other age-related remarks held not to constitute direct evidence of discrimination due to their lack of connection to the employment decision. *See Read v. BT Alex Brown, Inc.*, 72 Fed. Appx. 112, 119-20 (5th Cir. 2003) (holding that employer's comments that "when brokers get old, they slow down," and that employer hoped plaintiff, who was considered to be "one of the old ones," would not slow down, were not direct evidence because they were made three years before plaintiff's termination); *Young v. Harris Health*

*Care, Inc.*, 226 F.3d 643, 2000 WL 1029180, at *2 (5th Cir. July 14, 2000) (unpublished table decision) (holding that supervisor's comments calling plaintiff an "old bull dog" and "menopausal," stating that he would "never hire anyone as old" as 40, and that if plaintiff were younger she "wouldn't take her job so seriously," were not direct evidence of animus where plaintiff offered no evidence that the comments were made in connection to the employment decision); *Hollaway v. Woodley*, 203 Fed. Appx. 563, 567–68 (5th Cir. 2006) (employer's strategic management plan stating that "we are faced with an aging workforce and a small new generation of workers," and that "measures, such as . . . age . . . , will be used to measure success at obtaining a high quality workforce," was not direct evidence where decisionmaker was unaware of plan when employment decision was made and the plan played no role in the decision).

The court recognizes that use of the term "youthful," standing alone, is not necessarily probative of discriminatory animus. *See Bennett v. Total Minatome Corp.*, 138 F.3d 1053, 1061 (5th Cir. 1998) (holding that board of directors' statement that "it is our intention to continue recruitment . . . focusing exclusively on young people" did not support reasonable inference of discrimination where it did not refer in any way to the employment decision of which the plaintiff complained); *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 351 (5th Cir. 2007) (holding that comment

regarding desire to "attract younger talent" was not evidence of age discrimination where it was neither proximate in time nor related to employment decision). But there is evidence that Godinez-Phillips told Ford that she had promoted Ihekere over Ford *because* of Ihekere's youthfulness. Because this comment, if made, establishes that an unlawful bias for younger persons actually motivated Godinez-Phillips' decision to promote Ihekere, it directly evidences age discrimination. *See Young*, 2000 WL 1029180, at *2.

Potter also contends that Ford has misstated the evidence because, although Godinez-Phillips admitted that she had probably used the words "youthful" and "vibrant" to describe Ihekere, she also testified that these were not the reasons she selected Ihekere. Potter essentially disputes the premise that Godinez-Phillips told Ford that Ihekere had been chosen over Ford *because* of Ihekere's youthfulness. This is an issue of credibility that cannot be decided on summary judgment, *see Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 331 (5th Cir. 1994), even though this will be a nonjury trial.[8]

Consequently, Potter can only prevail on his summary judgment

---

[8]In a nonjury context, the judge has wider authority to enter summary judgment because the judge is the ultimate trier of fact. *See In re Placid Oil Co.*, 932 F.2d 394, 397-98 (5th Cir. 1991). The judge may weigh the evidence and draw inferences at the summary judgment stage unless those inferences involve issues of witness credibility or disputed material fact. *Id.*

motion by proving that, regardless of any discriminatory animus, Ihekere would still have been promoted over Ford. *See Cross v. FPP Operating Partners, L.P.*, 2001 WL 1143159, at *7 (N.D. Tex. Sept. 25, 2001) (Buchmeyer, C.J.) ("For the Court to grant summary judgment on this claim [where plaintiff has produced direct evidence of discrimination], the Defendants must prove, by a preponderance of the evidence, that the same employment decision would have been made in the absence of the unlawful motive."). Because Potter has neither briefed nor argued this point, the court denies the motion for summary judgment. *See, e.g., Machinchick v. PB Power, Inc.*, 398 F.3d 345, 355 (5th Cir. 2005) (reversing summary judgment on ADEA claim where, to prevail on summary judgment, defendant was required to establish that it would have terminated plaintiff even absent considerations regarding his age, and defendant did not brief or argue this point).

\* \* \*

Accordingly, for the reasons stated, Potter's August 1, 2008 motion for summary judgment is denied.

**SO ORDERED.**

November 4, 2008.

							_____
							SIDNEY A. FITZWATER
							CHIEF JUDGE