IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSE M. FORD,                           §
                                        §
            Plaintiff,                  §
                                        § Civil Action No. 3:07-CV-1039-D
VS.                                     §
                                        §
JOHN E. POTTER,                         §
Postmaster General,                     §
United States Postal Service,           §
                                        §
            Defendant.                  §

MEMORANDUM OPINION

Plaintiff Rose M. Ford ("Ford") sues defendant John E. Potter ("Potter"), Postmaster General of the United States, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, alleging that her age was a motivating factor in the decision not to promote her to a career attorney position[1] with the United States Postal Service ("USPS").[2] Following a bench trial, and for the reasons that follow,[3] the court finds in favor of

---

[1]The court will refer in this memorandum opinion to a failure *to promote* Ford to a career attorney position. The analysis would be the same, however, if the court characterized Ford's claim as one for failure *to hire her* for this position.

[2]In her complaint, Ford also alleged claims for race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. As the court explained in its summary judgment ruling, Ford has abandoned these claims. *See Ford v. Potter*, 2008 WL 4791511, at *1 n.1 (N.D. Tex. Nov. 4, 2008) (Fitzwater, C.J.).

[3]The court sets out in this memorandum opinion its findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a)(1). Although the court has carefully considered the trial testimony and exhibits, this memorandum opinion has been written to comply with the level of detail required in this circuit for findings of fact

Potter and dismisses this action with prejudice.

I

In May 2002 USPS hired Ford, then age 39, for a Not-To-Exceed ("NTE") attorney position at its Southwest Law Office in Dallas ("Dallas Law Office").[4] Doris Godinez-Phillips ("Godinez-Phillips"), the Managing Counsel for the Dallas Law Office, made the decision to hire her, subject to approval from USPS headquarters.[5]

In May 2003 Ford, now age 40, applied for a career position with the Dallas Law Office. Unlike an NTE attorney, a career attorney is a permanent position with employment benefits. For an NTE attorney, obtaining a career position is tantamount to a promotion. Lisa Paquette ("Paquette"), who had recently turned 30,

---

and conclusions of law. *See, e.g., Century Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998) (discussing standards). The court has not set out its findings and conclusions in punctilious detail, slavishly traced the claims issue by issue and witness by witness, or indulged in exegetics, parsing or declaiming every fact and each nuance and hypothesis. It has instead written a memorandum opinion that contains findings and conclusions that provide a clear understanding of the basis for the court's decision. *See id.*

[4]In making its findings of fact, the court adopts the stipulations of fact contained in the pretrial order. *See* Pretrial Order ¶¶ 2.2-2.18.

[5]Technically, Godinez-Phillips would make a recommendation that required approval from USPS headquarters. In practice, however, the person whom the Managing Counsel recommended was the one selected.

was selected for the position.[6]

In July 2003 Ford applied again for a career attorney position at the Dallas Law Office. In September 2003 Chizoma Ihekere ("Ihekere"), who had turned 30 earlier in 2003 and who had joined the Dallas Law Office as an NTE attorney in May 2003, was selected for promotion. Jeffrey Weeks ("Weeks") and Paul Wolf ("Wolf"), both over age 40, were also promoted to the position of career attorney.

Ford tendered her resignation on September 25, 2003. She alleges that her age was a motivating factor in the decision not to promote her to career attorney.

II

Under the ADEA, it is unlawful for an employer "to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prove her discrimination claims, Ford may rely on direct or circumstantial evidence. *See, e.g., Machinchick v. PB Power, Inc.*, 398 F.3d 345,

---

[6]Although the pretrial order refers to a claim based on the selection of Paquette, Pretrial Order ¶ 1.1, and the parties presented evidence at trial concerning the selection of Paquette over Ford, Ford's counsel acknowledged during opening statement that this claim is time-barred. The court has therefore considered the evidence concerning the Paquette promotion in deciding whether Ford has proved her claim based on the promotion that Ihekere received.

350 (5th Cir. 2005) (addressing age discrimination) ("We have traditionally bifurcated ADEA cases into distinct groups: those in which the plaintiff relies upon direct evidence to establish his case of age discrimination, and those in which the plaintiff relies upon purely circumstantial evidence.").

"For this purpose, direct evidence is defined in this circuit as 'evidence that, if believed, proves the fact of discriminatory animus without inference or presumption.'" *Read v. BT Alex Brown Inc.*, 72 Fed. Appx. 112, 119 (5th Cir. 2003) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). "In other words, to qualify as direct evidence of discrimination, an employer's comment 'must be direct and unambiguous, allowing a reasonable [trier of fact] to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee.'" *Id.* (quoting *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996)). Direct evidence of discrimination is rare, however. *See, e.g., Rutherford v. Harris County, Tex.*, 197 F.3d 173, 180 n.4 (5th Cir. 1999) (stating that because direct evidence is rare in discrimination cases, plaintiff must ordinarily use circumstantial evidence to satisfy her burden of persuasion).

"If Ford lacks direct evidence of discrimination, she can prove discrimination using the 'modified *McDonnell Douglas* approach.'" *Ford v. Potter*, 2008 WL 4791511, at *2 n.6 (N.D. Tex.

Nov. 4, 2008) (Fitzwater, C.J.) (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

III

Ford failed to produce direct evidence of age discrimination.[7] Ford proved that after she was passed over for promotion in September 2003 and tendered her resignation, Godinez-Phillips came to her, said she was sorry Ford was leaving and that she would be considered for future NTE attorney openings, stated that Ford needed "to bring youthfulness to the table," and also used the terms "youthful" and "vibrant."[8] But this is not direct evidence of age discrimination in the decision not to promote her.[9] The statements do not prove the fact of Godinez-Phillips' discriminatory animus without inference or presumption, and the comments of Godinez-Phillips would not allow a reasonable trier of

---

[7] In the court's summary judgment ruling, it held that Ford *had* presented direct evidence of age discrimination. *Ford*, 2008 WL 4791511, at *2-*3. That decision, however, was based on the summary judgment evidence, viewed favorably to Ford, and without making credibility assessments. The court's ruling today is based on factual findings made after considering all the trial evidence and making credibility determinations regarding witness testimony.

[8] The court finds credible Godinez-Phillips' testimony that she did *not* tell Ford that Ihekere was not selected for the position based on merit, and that she did *not* inform Ford that Ihekere was selected *because* she is "youthful" and "vibrant."

[9] "Such evidence typically involves statements made by the employer or certain of its personnel that indicate that an employment decision was based on a forbidden factor." *Bowe v. Exide Corp.*, 2001 WL 705881, at *3 n.1 (N.D. Tex. June 18, 2001) (Fitzwater, J.).

- 5 -

fact to conclude, without any inferences or presumptions, that age was an impermissible factor in the promotion decision.  Instead, the court *must infer* that, when Godinez-Phillips made these statements, she was not merely referring, say, to the energy level or degree of enthusiasm or commitment that Ford must bring to her work (regardless of her age), but that she was betraying the fact that she in fact harbored an age-based discriminatory animus when she selected Ihekere rather than Ford.

Ford also proved that Godinez-Phillips made similar remarks to Wolf, using the terms "youthful," "young," "vibrant," and "energetic" when informing him that he had been selected for a career attorney position.  But the court must necessarily infer that when Godinez-Phillips informed Wolf—a person over age 40—that he had been selected for the career position, and used these terms when explaining what he needed to bring to the job, she was manifesting an age-based discriminatory animus *toward Ford* when she decided not to promote her.[10]  Therefore, the evidence of Godinez-Phillips' statements to Wolf is not direct evidence of age discrimination against Ford.

---

[10]This evidence would not manifest an age-based discriminatory animus by Godinez-Phillips against Wolf because, assuming that Godinez-Phillips was aware of Wolf's age, she decided to promote him regardless of his age.

IV

Absent direct evidence of age discrimination, Ford may prove discrimination using the "modified *McDonnell Douglas* approach." *Rachid*, 376 F.3d at 312. As modified, *McDonnell Douglas* consists of three stages.

First, Ford must establish a prima facie case of discrimination, which "creates a presumption that the employer unlawfully discriminated against [her]." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

Second, if Ford establishes a prima facie case, the burden then shifts to Potter to articulate a legitimate, nondiscriminatory reason for failing to promote her. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506-07 (1993). Potter's burden is one of production, not proof, and involves no credibility assessments. *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003) (age discrimination case).

Third, if Potter meets his production burden, then Ford may proceed under one of two alternatives: the pretext alternative or the mixed-motives alternative. *See Rachid*, 376 F.3d at 312. To demonstrate that the reasons produced were a pretext for discrimination, Ford must show "that the legitimate reasons offered by [Potter] were not [the] true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530

U.S. 133, 143 (2000) (quoting *Burdine,* 450 U.S. at 253).[11] "[I]t is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." *Id.* at 147 (emphasis omitted). "'The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination.'" *Id.* (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 511). "Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Id.*

Under the mixed-motives alternative, Ford must prove "that [Potter's] reason[s], while true, [are] only [some] of the reasons for [the] conduct, and another motivating factor is [Ford's] protected characteristic[.]" *Rachid*, 376 F.3d at 312 (internal quotation marks omitted) (quoting *Rishel v. Nationwide Mut. Ins. Co.*, 297 F.Supp. 2d 854, 865 (M.D.N.C. 2003)).

---

[11] "[T]he trier of fact may still consider the evidence establishing the plaintiff's prima facie case 'and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual.'" *Reeves*, 530 U.S. at 143 (quoting *Burdine*, 450 U.S. at 255 n. 10).

V

A

"In an age discrimination, failure to promote case, the employee must demonstrate that 1) [s]he belongs to the protected class, 2) [s]he applied to and was qualified for a position for which applicants were being sought, 3) [s]he was rejected, and 4) another applicant not belonging to the protected class was hired." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680-81 (5th Cir. 2001). Ford satisfied her burden of proving a prima facie case.

B

Potter met his burden of producing evidence of a legitimate, nondiscriminatory reason for failing to promote Ford. He produced evidence that Godinez-Phillips, the decisionmaker, concluded that other applicants, including Ihekere, were more qualified than Ford. Godinez-Phillips was seeking persons for the position of career attorney who could litigate cases but could also train the client (thereby preventing costly litigation), were excellent writers, and could act as corporate counsel as well as litigators. Ihekere had been an Assistant District Attorney, had extensive trial experience, had glowing recommendations from mentors and supervisors, and brought an exuberance that Godinez-Phillips desired. Moreover, during Ford's interview with Godinez-Phillips, she gave an answer that was essentially the same as one she had given during an interview for a prior career attorney opening and

that Godinez-Phillips considered to be deficient for someone seeking such a position.[12]

C

Ford failed to prove that Potter's reasons are a pretext for discrimination or that Potter's reasons, while true, are only some of the reasons, and another motivating factor was Ford's age.[13] Based on the testimony and exhibits presented at trial, the court

---

[12]The evidence reflects that Ford has a compelling story of achieving in the face of personal adversity, and that she was qualified for the position of career attorney, although not considered by Godinez-Phillips to be as qualified as Ihekere. Nothing in the court's decision today should be understood as diminishing Ford's commendable efforts to succeed personally and professionally despite severe adversity arising from her family circumstances.

[13]At the conclusion of the evidence, Ford made a spoliation motion based on Potter's failure to produce written notes kept by Ernest Burford ("Burford"). The court denies the motion and declines to draw an adverse inference based on alleged spoliation of Burford's notes.
To be entitled to an adverse inference based on spoliation, Ford must establish that Potter engaged in "bad conduct" and in "bad faith." *See King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003); *see also Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A.*, 2008 WL 3261095, at *12 (N.D. Tex. Aug. 8, 2008) (Boyle, J.) ("'The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" (quoting *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005)). Ford has failed to make the required showing. At most, her evidence establishes that, after Burford's deposition, he showed two government attorneys the file cabinet where his notes were kept, and when Ford's counsel requested production of the notes several months later, and close to the commencement of trial, defense counsel could not locate them. There is no affirmative evidence that the notes have actually been destroyed or, if discarded or destroyed, of the circumstances under which this occurred. The court declines to find on the basis of this evidence alone that Potter acted with "bad conduct" and in "bad faith."

finds that Godinez-Phillips decided to promote other persons rather than Ford because she found the others to be more qualified.[14] This was so regardless of their age, as evidenced by the fact that Godinez-Phillips contemporaneously selected Weeks and Wolf—who were over age 40—as career attorneys. The court finds that Ford failed to prove pretext or that her age was a motivating factor in Godinez-Phillips' decision not to promote her.

---

[14]Without discussing all of the trial evidence, the court notes that Ford makes much of the fact that Ihekere was not included in the group of persons originally submitted to Godinez-Phillips for consideration. The court finds, however, that USPS was attempting during the relevant time frame to hire several career attorneys. After the initial group of names was submitted, Godinez-Phillips insisted that the review panel not be so selective and that additional names be submitted for her review. Cindy Estee, chair of the review panel, had been Ihekere's mentor. Although Ihekere's name was not included in the original group sent to Godinez-Phillips (due to her short tenure at USPS), her name was later included because Estee thought she was ready and should be considered. Estee was impressed with Ihekere's trial experience as an Assistant District Attorney and with her performance at an administrative hearing. Godinez-Phillips did not direct Estee to send Ihekere's name forward. And even if the review panel protocol was not followed in this respect, and Ihekere's name was forwarded despite a lack of approval of a majority of the panel members, the court is not persuaded that this defect in the process that Godinez-Phillips put in place proves that Ford's age was a motivating factor in the decision to promote Ihekere.

* * *

Accordingly, for the reasons explained, the court finds in favor of Potter and dismisses this action with prejudice by judgment filed today.

December 18, 2008.

                                  _____
                                  SIDNEY A. FITZWATER
                                  CHIEF JUDGE